Michael L. Rodenbaugh
California Bar No. 179059
Marie E. Richmond
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
(415) 738-8087

Headspace International, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEADSPACE INTERNATIONAL, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>NEW GEN AGRICULTURAL SERVICES LLC, an Arizona limited liability company, NEW GEN HOLDINGS INC., a Nevada corporation, EFG CONSULTANTS LLC, a Delaware limited liability company, HERBAL WELLNESS CENTER, INC., a Arizona corporation, JASON NGUYEN, an individual, LONG NGUYEN, an individual and ANTHONY HAMILTON, an individual,<br><br>Defendants. | Case No. 16-cv-1294<br><br>**COMPLAINT**<br><br>1. Federal Trademark Infringement<br>2. Copyright Infringement<br>3. State Trademark Infringement<br>4. Unfair Competition<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Headspace International, LLC ("Headspace" or "Plaintiff"), by its attorneys, for its Complaint against New Gen Agricultural Services LLC, New Gen Holdings Inc., EFG Consultants LLC (collectively "New Gen"), Herbal Wellness Center, Inc., Jason Nguyen, Long Nguyen, and Anthony Hamilton ("Hamilton") (collectively "Defendants") allege:

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

1

## NATURE OF THE CASE

1. Plaintiff Headspace seeks a finding that Defendants have infringed Plaintiff's trademark and copyright and engaged in unfair competition by using Plaintiff's THE CLEAR trademark and logo, and confusingly similar CLEAR-formative marks, in connection with Defendants' promotion, manufacture and sale of vaporizer pens and other related goods and services.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1125 and 17 U.S.C. § 101 *et seq.*, the Copyright Act of 1976 giving this Court original and exclusive jurisdiction in a civil action arising under the trademark laws and copyright laws of the United States. Pendent jurisdiction exists over the state law claims.

3. This Court has personal jurisdiction over the Defendants because they have purposefully availed themselves to this forum through general business presence, and by specifically targeting their wrongful conduct at Plaintiff with knowledge of Plaintiff's locus in this jurisdiction.

4. Venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendants and because Plaintiff's claims arise from Defendants' activities in and/or targeted to this District.

## THE PARTIES

5. Plaintiff Headspace International, LLC is a California limited liability company with its principal place of business at 3553 Atlantic Avenue, #348, Long Beach, California, 90807.

6. Upon information and belief, Defendant New Gen Agricultural Services LLC is an Arizona limited liability company with a principal place of business in Arizona, formed

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

2

Sept. 5, 2014.  Defendant New Gen Holdings Inc. is a Nevada corporation listed as the sole member of the New Gen Agricultural Services LLC, formed July 8, 2014.  Defendant EFG Consultants LLC is a Delaware limited liability company listed as the officers and directors of New Gen Holdings Inc., formed June 23, 2014.

7. Upon information and belief, Defendant Herbal Wellness Center, Inc. is an Arizona corporation with its principal place of business located at 26427 S. Arizona Avenue, Chandler, Arizona 85248.

8. Upon information and belief, Defendant Jason Nguyen is an Arizona resident, and is the principal member, shareholder and decision-maker of EFG Consultants LLC, New Gen Holdings Inc. and New Gen Agricultural Services LLC.

9. Upon information and belief, Defendant Long Nguyen is an Arizona resident and is the principal member and shareholder of Herbal Wellness Center, Inc.

10. Upon information and belief, Defendant Hamilton is an Arizona resident, a.k.a. "The Healing Alchemist"[1] and is a principal member, shareholder and/or decision-maker of EFG Consultants LLC, New Gen Holdings Inc. and/or New Gen Agricultural Services LLC.

## FACTUAL BACKGROUND

### Plaintiffs' Business and Trademarks

11. Plaintiff Headspace manufactures and sells, among other things, electronic cigarettes, vaporizer pens, and liquid flavorings and refill cartridges for such.  Plaintiff also offers educational and consulting services related to the extraction and purification of plant products for nutraceutical products.

---

[1] Upon information and belief, Defendant Hamilton uses the Instagram handle 'thehealingalchemist'.

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

3

*Plaintiff's Trademarks*

12. Plaintiff originally created THE CLEAR and CLEAR CONCENTRATES trademarks for Plaintiff's goods and services (collectively, "Plaintiff's Marks") and has been using such trademarks in connection with Plaintiff's goods and services since at least as early as April 19, 2013. Due to extensive, exclusive and continuous use, Plaintiff has strong common law rights in Plaintiff's Marks.

13. Plaintiff has also applied to register THE CLEAR trademark with the United States Patent & Trademark Office in International Classes 5 (Consulting services, training, and equipment for high purity extraction of essential plant oils and the purification of organic products to facilitate their nutraceutical application) and 34 (Electronic cigarettes, vaporizer pens, electronic cigarette liquid comprised of flavorings in liquid form used to refill electronic cigarette cartridges, and refill cartridges, all for use as an alternative to traditional cigarettes).

14. Plaintiff also owns various state trademark applications and/or registrations for Plaintiff's Mark(s) in various states, and common law trademark rights in various states. Such trademarks include Arizona state registrations for: (a) CLEAR, registration no. 60382, in Classes 36, 36, and 43; (b) CLEAR CONCENTRATES, registration no. 60381, in Classes 34, 36, and 43; and (c) THE CLEAR, registration no. 60380, in Classes 34, 36, and 43.

*Plaintiff's Copyright*

15. Plaintiff owns various domain names corresponding to Plaintiff's Marks (the "Domain Names"), which directs Internet users to Plaintiff's informational websites. The Domain Names and associated websites ("Plaintiff's Website") have been owned and operated by Plaintiff since at least April 21, 2014. Plaintiff's Website clearly displays Plaintiff's Mark at the top of the page in stylized letters ("Plaintiff's Copyright Logo") and throughout the homepage.

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

4

16. Plaintiff created Plaintiff's Copyright Logo , and it was first published on March 23, 2015.   Plaintiff has applied for registration of this work with the United States Copyright Office.

### *Plaintiff's Licensee*

17. On September 23, 2015, Plaintiff entered into an exclusive licensing agreement with Zen Dispensary ("Licensee"), located in Phoenix, Arizona, thereby allowing Licensee to use Plaintiff's Marks and Copyright Logo throughout the state of Arizona.

18. On October 10, 2015, Licensee erected a prominent billboard advertising its products, and including Plaintiff's Mark and Copyright Logo, on Route 17 in Phoenix, Arizona.

### Defendant's Business and Infringing Activities

19. On August 31, 2015, Plaintiff's CEO and President met with Defendant Jason Nguyen in Ukiah, California to discuss the possibility of Defendant Jason Nguyen obtaining a license to use Plaintiff's Marks in connection with his and Defendant Long Nguyen's businesses.  The parties were unable to reach an agreement and Defendant Jason Nguyen did not obtain such a license.

20. Despite this, Defendants nevertheless began using Plaintiff's Marks and other confusingly similar marks in connection with their products.  Defendants began using the infringing trademark tagline 'The Clear Solution' and other 'clear-formative' phrases in connection with goods and services similar or identical to those of Plaintiff, including the Defendants' 'VapenClear' mark for vaporizer pens.

21. At the same time, Defendants also began displaying, distributing, and reproducing Plaintiff's Copyright Logo on the labels for Defendants' products and elsewhere.

22. On October 30, 2015, Defendant Jason Nguyen filed a federal trademark application to register Plaintiff's Copyright Logo (a stylized version of Plaintiff's THE

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

5

CLEAR mark) in Class 5 (Tobacco-free cigarettes for smoking cessation purposes). The application was filed on an intent-to-use basis. The drawing of the mark supplied by Defendant is an exact copy of Plaintiff's Copyright Logo (with the exception of color, as the drawing is in grayscale), as used on Plaintiff's Website, by the Plaintiff's Licensee, in Plaintiff's advertising, and in connection with Plaintiff's goods and services.

23.   On or about November 15th 2015, Defendant Hamilton participated in a conversation on Instagram with an individual using the handle 'sugarpharm' discussing Defendants' unauthorized use of Plaintiff's Marks. In that conversation, Defendant Hamilton stated that he will continue to use the term 'clear' in connection with his products and that Plaintiff can "take me to court".

24.   On January 14, 2016, Plaintiff's counsel sent Defendants a cease and desist letter. To date, neither Plaintiff nor Plaintiff's counsel has received any reply.

25.   On January 17, 2016, Defendant Hamilton made numerous posts on Instagram that suggested that he knew his and other Defendants' actions infringed Plaintiff's Marks. Defendant Hamilton stated, ". . . when clear finds out what we did they will Def [sic] try to sue." When asked why he would be sued, Defendant Hamilton responded "[be]cause he[2] is calling his stuff the clear, and the real clear asked him to stop and he hasn't".

## CLAIMS FOR RELIEF

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

26.   Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

27.   Plaintiff's common law rights in Plaintiff's Marks are valid and legally protectable. Plaintiff began using Plaintiff's Marks in commerce since at least as early as April 19, 2013, and has continually used them since that date.

---

[2] Upon information and belief, Defendant Hamilton is referring to Defendant Nguyen.

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

28.    Plaintiff's use of the Plaintiff's Marks predates that of Defendants by over two years, as Defendants only began using Plaintiff's Marks and confusingly similar variations after the aforementioned August 31, 2015, meeting.

29.    Defendants' use of the Plaintiff's Marks and confusingly similar variations to identify Defendants' goods and services causes a likelihood of confusion because the Defendants' marks are identical and/or confusingly similar to Plaintiff's Marks. Additionally, the goods and services marketed and sold by Defendants under such trademarks are substantially similar to those sold by Plaintiff and its affiliates. These actions are likely to lead consumers to mistakenly believe that Defendants' products are connected with, sponsored by, or in some way approved of by Plaintiff.

30.    Moreover, Defendants have demonstrated a bad faith intent to profit from Plaintiff's Mark as evidenced by the fact that Defendants only began using the mark after Defendants were unable to obtain a license from Plaintiff. Further, the Instagram posts from November 15, 2015, and January 17, 2016, further evidence that Defendants engaged in such infringing conduct despite knowledge of Plaintiff's Mark.

31.    As a result of the foregoing, Plaintiff has been damaged.

## COUNT II: COPYRIGHT INFRINGEMENT

32.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

33.    Plaintiff's Copyright Logo is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff is the sole and exclusive owner of all rights, title and interest in and to the copyright in Plaintiff's Copyright Logo. Plaintiff has applied to register the Copyright Logo with the U.S. Copyright Office.

34.    Upon information and belief, Defendants have infringed and continue to infringe Plaintiff's copyright by knowingly and willfully copying Plaintiffs Copyright Logo,

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

7

described herein, by using Plaintiff's Copyright Logo on their product labels and otherwise, thereby reproducing, publishing and distributing Plaintiff's Copyright Logo without authorization.

35. As a result of the foregoing, Plaintiff has been damaged.

## COUNT III: STATE TRADEMARK INFRINGEMENT

36. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

37. Plaintiff's common law rights in Plaintiff's Marks are valid and legally protectable. Plaintiff began using Plaintiff's Marks in commerce since at least as early as April 10, 2013, and has continually used them since that date.

38. Plaintiff has registered its THE CLEAR, and other related marks with the Arizona Secretary of State.

39. Plaintiff's use of the Plaintiff's Marks predates that of Defendants by over two years, as Defendants only began using Plaintiff's Marks and confusingly similar variations after the aforementioned August 31, 2015, meeting.

40. Defendants' use of the Plaintiff's Marks and confusingly similar variations to identify Defendants' goods and services is likely to cause confusion, cause a mistake or deceive a person as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of the Defendants' goods, services or commercial activities by Plaintiff.

41. Defendants' use of the Plaintiff's Marks reproduces, counterfeits, copies and/or colorably imitates Plaintiff's Marks in contravention of Arizona's trademark law.

42. The goods and services marketed and sold by Defendants under such trademarks are substantially similar to those sold by Plaintiff and its affiliates.

43. Moreover, Defendants have demonstrated a bad faith intent to profit from Plaintiff's Marks, as evidenced by the fact that Defendants only began using the mark after

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

8

Defendants were unable to obtain a license from Plaintiff.  Further, the Instagram posts from November 15, 2015, and January 17, 2016, further evidence that Defendants engaged in such infringing conduct despite knowledge of Plaintiff's Mark.

44. As a result of the foregoing, Plaintiff has been damaged.

### COUNT IV: UNFAIR COMPETITION

45. Plaintiff incorporates each of the foregoing paragraphs as fully set forth herein.

46. Defendants' wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injures its business, in violation of section 17200 *et seq.* of the California Business and Professions Code, in violation of California and federal common law, and in violation of Arizona common and statutory law.

47. As a result of Defendants' past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff alleges that they have been damaged by Defendants' conduct as set forth herein, and prays for judgment as follows:

A. A finding that Defendants are infringing upon Plaintiff's Mark;

B. A finding that Defendants are infringing Plaintiff's Copyright Logo;

C. A preliminary and permanent injunction requiring Defendants, and anyone acting in concert with them, from using Plaintiff's Marks or Copyright Logo, or any confusingly similar variations thereof, in any manner, and requiring Defendants to immediately destroy all materials which use Plaintiff's Marks or Copyright Logo, or any confusingly similar variations thereof;

D. A judgment to Plaintiff for damages sustained as a result of Defendants' wrongful actions as alleged in this Complaint;

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

9

E. An award of reasonable attorneys' fees and expenses, and costs of this action; and,

F. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff respectfully requests trial by jury as to all issues so triable.


RESPECTFULLY SUBMITTED,

DATED: March 16, 2016        By: /s/ *Mike Rodenbaugh*

Mike Rodenbaugh, Esq.
RODENBAUGH LAW
584 Market Street
San Francisco, CA 94014
Tel/fax: (415) 738-8087

Attorneys for Plaintiff

COMPLAINT
Case No. 16-cv-1294

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

10